# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE MARTINEZ, | CV F 05 1595 REC SMS P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION (Doc. 1.) |
| SATF/CORCORAN LIBRARY, | |
| Defendants. | |

Kenneth Lee Martinez ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on December 16, 2005, alleging a denial of access to the Courts due to prison library restrictions. Plaintiff names the SATF/Corcoran Library on the "Delta Yard" as Defendants and seeks an Order requiring that he be allowed to using the library during program closure and on weekends so that he can research case law to reverse his state conviction.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

As noted above, Plaintiff is challenging the library hours and policies at the institution where he is confined. Plaintiff states that the library hours and requirements for priority legal user status are too stringent and have caused him difficulty in doing legal research needed to reverse his state court conviction.

**C. CLAIMS FOR RELIEF**

*1. Linkage Requirement*

> The Civil Rights Act under which this action was filed provides: Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

*2. Access to Courts*

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. Id.

Inmates do not have the right to a law library or legal assistance. Id. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. Rather, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id.

In this case, Plaintiff's allegations solely concern the limited use of the law library. Plaintiff complains that the law library hours and restrictions have made it difficult to conduct legal research. However, as noted above, the right of access to the courts does not require the state to enable Plaintiff to litigate effectively once in court, it protects his ability to bring to the Court a grievance. Even assuming that this is the gist of Plaintiff's Complaint, Plaintiff has not alleged facts of an actual injury. Accordingly, the Court finds the Complaint fails to state a cognizable claim for relief and must be dismissed.

*3. Exhaustion*

Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by

a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' " Porter, 534 U.S. at 524 (*citing* Booth, 532 U.S. at 739 n. 5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002). Plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201.

In this case, Plaintiff concedes that he did not exhaust his administrative remedies with respect to this claim. Plaintiff states that "institutional staff negligently handle the grievances of inmates continuously." (Complaint at 10.) However, this does not guarantee that Plaintiff's grievances would be handled in such a manner as Plaintiff has not even attempted to file such a grievance. Thus, it appears that the administrative grievance process remains "available" to Plaintiff and his failure to exhaust them also requires dismissal of the action.

**D. CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief under Section 1983, and also has failed to exhaust administrative remedies. Further, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Accordingly, the Court RECOMMENDS that this action be dismissed in its entirety for failing to state a claim for relief and failing to exhaust administrative remedies. .

It is HEREBY ORDERED that these Findings and Recommendations be submitted to the United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District

1  Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy
2  of this Report and Recommendation, any party may file written objections with the Court and
3  serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
4  Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed
5  within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections.
6  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).
7       The parties are advised that failure to file objections within the specified time may waive
8  the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
9  1991).
10 IT IS SO ORDERED.
11 **Dated:   December 21, 2005**              /s/ Sandra M. Snyder
   icido3                                     UNITED STATES MAGISTRATE JUDGE